### H. D. REEVES v. TEXAS & PACIFIC RAILWAY CO.

#### No. 1974.

1. **Common Carrier—Interstate Shipment—Contract Limiting Time for Bringing Suit.**

The act of March 4, 1891, forbidding the making of any contract limiting the time in which suit may be brought to less than two years, is not a regulation of interstate commerce, and is binding in the case of a contract for an interstate shipment. Following Railway v. Eddins, 7 Tex. Civ. App., 116.

2. **Same—Market Value at Point of Destination.**

Where in a suit against a railway company for damages to a shipment of horses, it appears that their destination as the place of sale was within the contemplation of the parties at the time the contract of shipment was made, it is proper to consider, in measuring the damages, their market value at such place at the time and in the condition in which they arrived there, and their market value there if they had arrived in proper time and in good condition.

3. **Same—Proof of Market Value.**

Evidence of the price actually received for horses at a certain place is admissible as tending to corroborate other evidence of the market value of such horses at that place.

APPEAL from Taylor. Tried below before Hon. T. H. CONNER.

*John Bowyer,* for appellant.

*B. G. Bidwell,* for appellee.

TARLTON, CHIEF JUSTICE.—Suit by appellant for the recovery of damages alleged to have ensued from the negligence of the appellee in the matter of a shipment on November 1, 1892, of sixty head of horses from Abilene, Texas, to Aiken, South Carolina. The injuries on account of which the damages are sought occurred on the defendant's line in the state of Louisiana, en route from Abilene, Texas, to New Orleans.

The contract of shipment signed by the plaintiff provides that no suit or action against the company for the recovery of any claim by virtue of such contract shall be sustained by any court, unless such suit shall be commenced within forty days next after the damage shall occur; and should any suit be commenced after the expiration of that period, the lapse of time shall be taken and deemed conclusive evidence against the validity of the contract.

The court instructed the jury, that as this was an interstate shipment, the forty day clause was binding upon the plaintiff, and that they should find for the defendant. This charge we hold to be erroneous.

By the act of March 4, 1891, in force when this shipment occurred, any person, firm or corporation was forbidden to enter into a contract limiting the time in which to sue to a shorter period than two years. This enactment, we think, is binding as well in interstate as in domestic shipments. It is a law of limitation, affecting the remedy, not the right, which the state legislature had the power to adopt without in-

fringing in any sense upon the provisions of the federal constitution. It should not be deemed an attempt to regulate interstate commerce. It is unnecessary to elaborate our views upon this question, as we find ourselves anticipated in that task by the opinion of Chief Justice Fisher of the Court of Civil Appeals for the Third District. Railway v. Eddins, 7 Texas Civ. App., 116, 26 S. W. Rep., 161.

We dispose of questions presented in appellee's cross-assignments as follows:

The plaintiff was properly permitted to prove the market value of the horses at Aiken, South Carolina, at the time and in the condition in which they arrived at that place, and also their market value there if they had arrived in proper time and in good condition. It appears that the destination of the stock for Aiken as the place of sale was within the contemplation of the parties at the time the contract was made. It was therefore proper to consider the market value at that place in measuring the damages. Railway v. Eddins, supra.

Complaint can not be reasonably urged to the action of the court in permitting the plaintiff to prove the price actually received for certain horses at Aiken. This evidence was at least admissible because it tended to corroborate in the light of actual experience the correctness of the plaintiff's estimate of the market value of the property, to which he had testified.

*Reversed and remanded.*

Delivered November 16, 1895.