## JAMES v. MIDLAND GROCERY & DRY GOODS CO.

(Court of Civil Appeals of Texas. El Paso. April 11, 1912. Rehearing Denied May 1, 1912.)

**1. JUDGMENT (§ 768*)—LIEN—ABSTRACT.**

Where the certificate of the county clerk, attached to an abstract of judgment, was recorded and contained the number of the cause, the certificate, though no part of the abstract, was available to aid the abstract, which did not contain such number, so that the same was sufficient to create a lien.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1325, 1326; Dec. Dig. § 768.*]

**2. JUDGMENT (§ 292*)—RECORD—ABSTRACT.**

An abstract of judgment cannot be recorded without a certificate of the clerk, but the certificate need not be recorded, though, if the certificate is recorded, it may itself be treated as the abstract, and, if it contains the essential elements, the record of the certificate is sufficient as the recording of an abstract of judgment.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 572; Dec. Dig. § 292.*]

**3. JUDGMENT (§ 292*)—ABSTRACT—CERTIFICATE—RECORD.**

The fact that in an abstract of judgment the defendants' names were given in full, while in the county clerk's certificate, attached thereto, they were described as "B. W. Lee et al.," both the abstract and the certificate being recorded together, did not constitute a variance.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 572; Dec. Dig. § 292.*]

**4. EVIDENCE (§ 340*)—SECONDARY EVIDENCE —JUDGMENT—CERTIFIED COPY.**

A certified copy of a judgment was admissible without the aid of the statute making duly recorded instruments admissible, and was not affected by the proviso requiring such instrument to be filed among the papers in the case three days before the commencement of the trial and notice thereof given to the opposite party or his attorney.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1294–1301; Dec. Dig. § 340.*]

**5. JUDGMENT (§ 877*)—JUDGMENT—PAYMENT —EVIDENCE.**

In a suit to set aside a judgment as a cloud on title, evidence that witness had made demand on defendants in the judgment and certain succeeding owners of the land and on the complainant for payment of the judgment, and that none of them had paid the judgment, was competent as bearing on the issue of payment, and as tending to show that the judgment had not been paid.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1646, 1647; Dec. Dig. § 877.*]

**6. COSTS (§ 32*)—CROSS-ACTION.**

Complainant sued to set aside a judgment as a cloud on title, and the defendants answered and filed a cross-action to foreclose the judgment lien. A judgment was rendered for defendants, which provided that, if the property was insufficient to pay the judgment and costs, the officer should make the costs out of any other property of the complainant. *Held*, that complainant, having elected to litigate and been unsuccessful, was liable, not only for the costs of his own suit, but for the costs accruing in defendants' cross-action.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 108–132; Dec. Dig. § 32.*]

Appeal from District Court, Taylor County; Thomas L. Blanton, Judge.

Suit by Henry James against the Midland Grocery & Dry Goods Company. Judgment for defendant, and plaintiff appeals. Affirmed.

Harry Tom King, of Abilene, and B. K. Isaacs, of Ft. Worth, for appellant. Dallas Scarborough, of Abilene, and Graham B. Smedley, of Midland, for appellee.

PETICOLAS, C. J. In this suit Henry James sued Burl Holloway, T. S. Patterson, and B. F. Whitfield, a copartnership known as the Midland Grocery & Dry Goods Company, to remove cloud from title to certain real estate, the alleged cloud growing out of the record in Taylor county, Tex., of an abstract of judgment in favor of defendants and against B. W. Lee and J. G. Lee; Henry James having purchased the land from parties holding under the said B. W. Lee et al. The defendants answered by general demurrer, general denial, and cross-action asking that their judgment lien be foreclosed. A judgment was rendered against plaintiff upon his prayer to remove cloud and in favor of defendants on their cross-action, and ordering a foreclosure of the judgment lien.

[1] Practically the entire case turns upon whether or not the abstract of judgment above referred to was in compliance with the statute, so that its record created a valid lien. Appellant contends that no valid lien was created by the recording of such abstract because the abstract of judgment did not contain the number of the cause, and, although the number of the cause appears in the certificate of the county clerk of Midland county, Tex., that such certificate was no part of the abstract, and could not be looked to to supply the number of the cause omitted from the abstract. The tabulated portion of the abstract shows the names of the plaintiffs in judgment to be Burl Holloway, T. S. Patterson, and B. F. Whitfield, composing the copartnership, the Midland Grocery & Dry Goods Company, and the defendants' names to be B. W. Lee and J. G. Lee. The clerk certifies that the above and foregoing, etc., is a true and correct abstract of the judgment in the cause entitled Midland Grocery & Dry Goods Company v. B. W. Lee et al., in the county court of Midland county, Tex. In the case of Spence v. Brown, 86 Tex. 430, 25 S. W. 413, the certificate of the clerk was not recorded, only the abstract itself being recorded. The Supreme Court held that the county clerk would have no power to record the abstract unless it was certified to, but held, further, that the certificate need not also be recorded, and that the fact that the certificate was not recorded did not affect the creation of a lien by the recording of the abstract. It is provided by the statute that the number of the cause must appear, and has also so been decided. See Bonner v.

Grigsby, **84 Tex. 330,** 19 S. W. 511, 31 Am. St. Rep. 48. In the case of Gin Co. v. Oliver, 78 Tex. 182, 14 S. W. 451, the tabulated portion of the abstract was held by our Supreme Court to be clearly insufficient. The certificate which followed it contained the elements which the tabulated portion did not contain, and seems to have been sufficient in itself in all the necessary requisites of an abstract. In this condition of the record, the Supreme Court held that the statute prescribes what the abstract shall contain, but does not require any particular form, and that any certificate, whatever its form, which shows the essential facts required by the article cited, ought to be deemed sufficient in law.

[2] We have thus far established the law to be (a) that an abstract cannot be recorded without a certificate, but that the certificate need not be recorded; (b) that if the certificate is recorded, although not required by law to be recorded, it may in itself be treated as the abstract, and, if it contains the essential elements, the recording of this certificate is sufficient as the recording of an abstract of judgment.

Bearing in mind that the abstract in this instance and the certificate appear in this record as one sheet of writing, and that they appear in the county clerk's record contiguous to each other, and, as it were, parts of the same proceeding, it seems to us to follow that the certificate may be looked to to supply the number of the cause which was not contained in the abstract. While it is true that this is a statutory lien and that the statute must be complied with, it is also true that the object of placing the abstract on record was to give notice of the creation of the lien to all persons who might be affected thereby. Vidor v. Rawlins, 93 Tex. 259, 54 S. W. 1026. In that case it was held that to note on the record the day and hour of such record is not essential to the validity of the lien, although the statute requires it. For decisions analogous in their reasoning, though on different subjects, we find the cases of McLane against Kirby, 54 Tex. Civ. App. 113, 116 S. W. 118, and Collins v. Hines, 100 Tex. 304, 99 S. W. 400. In these cases it was held in the one that, if the number of a citation appeared on the back, it is sufficient; in the other that an execution is good when the names do not appear in the body, but do appear on the back. In each of these instances the statute requires the number and the name in the instrument, but does not require it on the back, yet it is held that, if it do not appear in the instrument but do appear on the back, the instrument is sufficient. The main purpose of the statute being to give notice, and it being apparent that no person investigating the record could be misled by the lack of the number in the abstract when the same appears immediately contiguous thereto in the certificate,

and our Supreme Court having gone so far as to substitute the certificate itself for an abstract, we are of the opinion that the certificate may be looked to to supply the number, and this notwithstanding the fact that the certificate is not required to be recorded. We think the logical result of the case of Gin Co. v. Oliver is that, if the certificate is recorded, it becomes, as it were, a part of the abstract. If, when the abstract is totally deficient, the certificate may be looked to, we are unable to see why, when the abstract is partially deficient, the certificate may not in that event be looked to.

[3] Neither do we think there is anything in appellant's objection that there is a variance between the certificate and the abstract. In the abstract the defendants' names were given in full. In the certificate they were described as "B. W. Lee et al." The two being recorded and constituting, as it were, one instrument, there is here no more variance than if in one portion of an instrument the defendants' names were given in full and in another portion they were described by naming one of them followed by the abbreviation "et al."

[4] Appellant's second assignment of error is addressed to the admission in evidence of a certified copy of a judgment rendered in the county court of Midland county, Tex., in cause No. 376, wherein Midland Grocery & Dry Goods Company is plaintiff and B. W. Lee et al. are defendants; the objection being that, before certified copies thereof were admissible in evidence on behalf of defendant, such copies should have been filed with the papers of this case at least three days before the trial thereof and notice given to plaintiff or his attorney. We do not think this assignment well taken. In the case of McDaniel v. Weiss, 53 Tex. 257, Judge Gould said: "The certified copy from the records of the district court of Jefferson county of a judgment rendered in said court was admissible in evidence without the aid of the statute making duly recorded instruments admissible, and consequently was not affected by the proviso requiring such instrument to be filed among the papers three days before the commencement of trial."

[5] Appellant also assigns error to the admission of the testimony of the witness Smedley to the effect that he had made demand on the defendants in the judgment and certain succeeding owners and of Mr. Henry James, the appellant in this case, for payment of the judgment described in the abstract, coupled with his statement that none of the parties of whom he had demanded it had paid the judgment. Appellant's proposition is the burden was upon appellees to establish that the judgment had not been paid. Without deciding whether this is true or not, we think the testimony mentioned was admissible as bearing on that subject, and tended to show that the judg-

ment had not been paid. We think the testimony of the witness made a prima facie case, even assuming that the burden was on appellee in this connection.

[6] Appellant's fourth assignment of error is that the court erred in that the costs as to the cross-action were erroneously rendered against appellant. In this we do not agree with appellant. The judgment was, if the proceeds of the property were insufficient to pay the principal sum, the interest, and costs of court, then the officer should make the costs out of any other property of the plaintiff Henry James. We think this judgment was proper. Henry James having elected to litigate would be liable for costs if he lost the suit, and this would include the costs of the cross-action brought by the defendants. If they had brought their cross-action as an independent suit and James had lost it, he would then be liable for costs, and we see nothing in the fact that the cross-action is brought in this suit to change the rule.

The case is therefore affirmed.