**TEXAS AMERICAN BANK/FORT WORTH, N.A., Appellant,**

v.

**SOUTHERN UNION EXPLORATION COMPANY, Appellee.**

No. 11–86–055–CV.

Court of Appeals of Texas, Eastland.

July 17, 1986.

Rehearing Denied Aug. 14, 1986.

---

1. The 60–day period appears to be a reasonable time in view of provisions of the lease.

Dabney D. Bassel, Law, Snakard & Gambill, Fort Worth, for appellant.

Marc R. Stanley, David N. Kitner, Mark M. Donheiser, Strasburger & Price, Dallas, for appellee.

## Opinion

RALEIGH BROWN, Justice.

This summary judgment case involves the validity of an abstract of judgment lien which was recorded prior to a deed of trust. Texas American Bank/Fort Worth, N.A. sought a declaratory judgment pursuant to TEX.REV.CIV.STAT.ANN. art. 2524–1 (Vernon 1965) now codified as TEX. CIV.PRAC. & REM.CODE ANN. secs. 37.-001 to 37.011 (Vernon 1986), declaring its lien by virtue of a deed of trust entered into with Double Eagle Drilling Company dated September 17, 1984, superior to an abstract of the judgment taken against Double Eagle by Southern Union Exploration Company and filed in the abstract of judgment records of Dawson County on January 13, 1984. Texas American and

Southern Union each filed a motion for summary judgment. Texas American's motion was denied; Southern Union's motion was granted. Texas American appeals. We reverse and remand.

Texas American urges two points of error. It contends that the trial court erred in denying its motion for summary judgment and in granting Southern Union's motion because the abstract of judgment filed by Southern Union did not comply with the requirements of TEX.PROP.CODE ANN. sec. 52.003 (Vernon 1984).

The material facts are undisputed except for the amount of attorney's fees sought by Texas American and the amount of proceeds received by Southern Union. The deed of trust, security agreement, assignment of production, and financing statement executed by Double Eagle Drilling Company dated September 17, 1984, in favor of Texas American was recorded in Dawson County September 24, 1984. Southern Union, having obtained a judgment against Double Eagle in Dallas County, filed its abstract of judgment in the abstract of judgment records of Dawson County on January 13, 1984. After filing its abstract of judgment, Southern Union conducted a sheriff's sale on February 5, 1985, and purchased the property which was subject to the alleged liens. Texas American contends that the judgment lien of Southern Union was invalid because of defects contained in the abstract of judgment and, therefore, its deed of trust lien was superior to any interest in the property of Southern Union. Texas American sought an accounting of oil and gas proceeds which Southern Union had received from the property and attorney's fees. Texas American contended specifically that the abstract of judgment did not comply with Section 52.003 because it did not state either: (1) the address of the defendant; or (2) the nature of the citation and the date and place of service. Further, it failed to state with sufficient particularity the amount which is due on the underlying judgment.

TEX.PROP.CODE ANN. sec. 52.003(4) & (6) (Vernon 1984) provides in part that an abstract of judgment must show:

(4) the defendant's address, or if the address is not shown in the suit, the nature of citation and the date and place of service of citation;

(6) the amount for which the judgment was rendered and the balance due.

Southern Union concedes that the abstract of judgment does not contain the defendant's address. It states:

> I, BILL L( ˙G, Clerk of the District Courts of Dallas County, Texas, do hereby certify that in the istrict Court of the __116th__ Judicial District of Texas, in a certain suit pending in said Court, No. ___83–10075–F___ , wherein
>
> SOUTHERN UNION EXPLORATION COMPANY OF TEXAS, as        Plaintiff
>
> DOUBLE EAGLE DRILLING COMPANY, as        Defendant
>
> the said plaintiff recovered Judgment against the said Defendant on the __4th__ day of __October__ A.D. 1983 for the sum of $60,503.41 less a credit of Defendant in the amount of $9,000.00
>
> with interest on said amount from the __4th__ day of __October__ A.D. 1983 at the rate of __10%__ per annum, and $102.00 costs of suit. Said Judgment is of record in Volume __F73__ , Page __78__ of Records of said Court.
>
> There is now still due on said Judgment $60,503.41 less a credit of $9,000.00 paid by Deft. with interest on $ said amount from the __4th__ day of __OCTOBER__ A.D. 1983, at the rate of __10%__ per annum and $102.00 costs of suit.

---

An abstract of judgment is prepared and issued by the justice of the peace who rendered the judgment or by the clerk of the court that rendered the judgment. TEX.PROP. CODE ANN. sec. 52.002 (Vernon 1984). The clear language of Section 52.003 requires the court official to prepare the abstract so that it will show the defendant's address, if the address appears in any papers on file in the suit in which the judgment was rendered. If the defendant's address is not so shown, then the court official must prepare the abstract so that it will show the nature of citation on the defendant, and the date and place of service of citation. See Op.Tex.Att'y Gen. No. M–1000 (1971). The abstract of judgment in the instant case clearly does not state defendant's address, nor does it state the nature of the citation, the date of service of citation, and the place of service of citation.

■ The right to a judgment lien is purely statutory, and without compliance with the statute, no lien will attach. *Houston Investment Bankers Corporation v. First City Bank of Highland Village*, 640 S.W.2d 660 (Tex.App.—Houston [14th Dist.] 1982, no writ); *Womack v. Paris Grocer Co.*, 166 S.W.2d 366 (Tex.Civ.App. —Galveston 1942), writ ref'd, 140 Tex. 423, 168 S.W.2d 645 (1943); *Chamlee v. Chamlee*, 113 S.W.2d 290 (Tex.Civ.App.—Waco 1938, no writ). Since Southern Union failed to make sure that the court's deputy clerk complied with the statute, no lien attached; consequently, the trial court erred in granting Southern Union's motion for summary judgment.

■ The summary judgment proof does not establish the amount of proceeds received by Southern Union from the oil and gas. The amount of attorney's fees to which Texas American may be entitled is contested. The trial court, therefore, did not err in refusing to grant Texas American's motion for summary judgment, even though its lien was superior.

The judgment of the trial court is reversed, and the cause remanded.