**CITICORP REAL ESTATE, INC., Appellant,**

v.

**BANQUE ARABE INTERNATIONALE D'INVESTISSEMENT, Interwest Savings Association, and Ameritrust Company, National Association, Appellees.**

No. 05–87–00215–CV.

Court of Appeals of Texas, Dallas.

March 11, 1988.

Rehearing Denied April 13, 1988.

Robert W. Jordan, Dallas (J. Vince Hightower, Michael T. Swaim, Houston, of counsel), for appellant.

E. Eldridge Goins, Jr., Dallas, for Banque.

Steven E. Clark, John D. Rosenberg, J. Richard Tubb, Dallas, for Ameritrust Co. and Nat. Ass'n.

Newton J. Jones, Dallas, for Interwest Sav. for appellees.

Before WHITHAM, STEWART and BAKER, JJ.

STEWART, Justice.

This dispute concerns the validity and priority of judgment liens held by Banque Arabe Internationale D'Investissement ("Banque"), Interwest Savings Association ("Interwest"), Ameritrust Company, National Association ("Ameritrust") and Citicorp Real Estate, Inc. ("Citicorp") against all property owned by Clint W. Murchison, Jr., in Dallas County, Texas. Ameritrust, Interwest, Banque and Citicorp each sought a declaratory judgment pursuant to Tex.Civ.Prac. & Rem.Code Ann. sections 37.001 *et seq.* (Vernon 1986), declaring its lien valid. Citicorp also sought a declaration that the abstracts of judgment filed by Interwest and Banque were insufficient to create valid judicial liens. The cases were consolidated and each party filed its motion for summary judgment.

The trial court entered summary judgments in favor of Ameritrust, Banque and Interwest, finding that the abstracts of judgment they held substantially complied with Texas law and created valid judicial liens. The trial court also found that Citicorp's abstract of judgment created a valid judicial lien but overruled Citicorp's cross motion for summary judgment challenging the sufficiency of the abstracts held by Banque and Interwest. Finally, the trial court ordered Citicorp to pay attorney's fees incurred by Ameritrust, Banque and Interwest.

On appeal, Citicorp contends that (1) the abstracts of judgment held by Banque and Interwest did not create valid judicial liens; (2) actual notice, constructive notice and inquiry notice are not sufficient to create judicial liens; (3) the notoriety of Clint W. Murchison, Jr., debtor, is irrelevant to the issue of whether an abstract of judgment creates a valid judicial lien; and (4) the trial court erred in awarding attorney's fees to Ameritrust, Interwest and Banque. For the reasons given below, the trial court's judgment that Interwest and Banque held valid judicial liens against all property owned by Clint W. Murchison, Jr. in Dallas County, Texas, is reversed and judgment is rendered that the Interwest and Banque abstracts of judgment do not substantially comply with Texas law and do not create valid judicial liens. Further, the trial court's judgment awarding attorney's fees to Interwest and Banque is reversed and the claim of Interwest and Banque for attorney's fees is remanded to the trial court for reconsideration in light of this opinion. In all other respects, the judgment of the trial court is affirmed.

## I. *Facts*

Ameritrust, Interwest, Banque and Citicorp each assert rights and ownership of liens against real property owned by Clint W. Murchison, Jr., in Dallas County, Texas. The only non-exempt real property owned by Murchison in Dallas County consists of twenty-four acres of curtilage surrounding the Murchison residence. The value of the property is estimated to be between eight and ten million dollars. Murchison has filed for protection under Chapter 11 of the United States Bankruptcy Code. The Murchison property is being marketed under the supervision of the Bankruptcy Court and all proceeds from the sale of the Murchison property will be distributed by that court to Ameritrust, Interwest, Banque or Citicorp subsequent to a determination of the validity and priority of the parties' lien positions.

On March 7, 1984, Ameritrust recovered an award of $4,000,000 in damages plus attorney's fees and interest against Murchison. On March 22, 1984, Ameritrust filed its abstract of judgment against all Murchison property in Dallas County, Texas.

On March 27, 1984, Saudi European Bank filed an authenticated copy of a judgment entered in its favor against Murchison in the Supreme Court of New York. The New York judgment was filed with the 192nd District Court clerk in Dallas County, Texas, in accordance with the Uniform Enforcement of Foreign Judgments Act ("UEFJA"), Tex.Prac. & Rem.Code Ann. § 35.001 (Vernon 1986). On March 29, 1984, Saudi European recorded an abstract of judgment against Murchison in Dallas County, Texas, regarding its claim for approximately $2,675,000. Subsequently, on June 5, 1984, Saudi European amended its abstract to include an additional defendant. Pursuant to a series of assignments, Interwest became the owner of the Saudi European judgment and abstracts of judgment.

On June 29, 1984, Banque filed an authenticated copy of a judgment entered in its favor against Murchison in the Eleventh Judicial Circuit in Dade County, Florida. The Florida judgment was filed with the 116th District Court clerk in Dallas County, Texas, pursuant to the UEFJA. On August 3, 1984, Banque filed an abstract of judgment against Murchison in Dallas County, Texas, reflecting its claim for approximately $4,506,666.66.

On September 27, 1984, Citicorp recovered a judgment against Murchison in the United States District Court for the Northern District of Texas. On October 4, 1984, Citicorp filed its abstract of judgment against Murchison in the amount of $17,-864,196.53 plus attorney's fees.

## II. *Validity and Priority of Liens*

Citicorp contends that the abstracts of Interwest and Banque do not substantially comply with section 52.003 of the Texas Property Code, thereby failing to create valid judicial liens. Citicorp alleges that the abstracts are deficient for five separate and independent reasons.

1). Neither Murchison's address nor citation information appear on the face of the abstracts as required by Section 52.-003(4) of the Texas Property Code.

2). The abstracts do not show "the number of the suit in which the judgment was rendered" as required by Section 52.003(3) of the Texas Property Code.

3). The abstracts do not show "the date on which the judgment was rendered" as required by Section 52.003(5) of the Texas Property Code.

4).a.) The Banque abstract does not set forth the names of all defendants to the Florida judgment as required by Section 52.003(1) of the Texas Property Code.

b.) The amended Interwest abstract improperly includes the name of a non-party defendant to the New York judgment in contravention of Section 52.-003(1) of the Texas Property Code.

5).a.) The Banque abstract is not indexed under the names of all defendants as required by Section 52.004(b)(2) of the Texas Property Code.

b.) The amended Interwest abstract is indexed under the name of a defendant who is not a party to the judgment in contravention of Section 52.004(2) of the Texas Property Code.

■ Under Texas law, no lien is created by the mere rendition of a judgment. *Burton Lingo Co. v. Warren*, 45 S.W.2d 750, 751–52 (Tex.Civ.App.—Eastland 1931, writ ref'd). Instead, the judgment creditor must comply with the statutory mechanisms providing for the creation of judgment liens to acquire a lien on real property owned by the judgment debtor. Tex. Prop.Code Ann. §§ 52.001 *et seq.* (Vernon 1984 and Vernon Supp.1988). The judgment creditor's first step in creating a judicial lien is to obtain an abstract of the judgment. *Id.* at § 52.002. The purpose of an abstract of judgment is to create a lien against the debtor's property and to provide notice to subsequent purchasers of the existence of the judgment and the lien. *McGlothlin v. Coody*, 39 S.W.2d 133, 134 (Tex.Civ.App.—Eastland 1931), *aff'd,* 59 S.W.2d 819 (Tex.Comm'n App.1933, judgmt. aff'd as recommended). By statute, a Texas abstract of judgment must show:

(1) the names of the plaintiff and defendant;

(2) the birthdate and driver's license number of the defendant, if available to the clerk or justice;

(3) the number of the suit in which the judgment was rendered;

(4) the defendant's address, or, if the address is not shown in the suit, the nature of citation and the date and place of service of citation;

(5) the date on which the judgment was rendered;

(6) the amount for which the judgment was rendered and the balance due; and

(7) the rate of interest specified in the judgment.

■ It is well settled in Texas that it is the judgment creditor's responsibility to insure that the clerk abstracts the judgment properly. *Texas American Bank/Fort Worth, N.A. v. Southern Union Exploration Co.*, 714 S.W.2d 105, 107 (Tex.App.—Eastland 1986, writ ref'd n.r.e.). Moreover, since a judgment lien is statutorily created, substantial compliance with the statutory requirements is mandatory before a judgment creditor's lien will attach. *Reynolds v. Kessler*, 669 S.W.2d 801, 804–05 (Tex. App.—El Paso 1984, no writ).

Initially, Citicorp contends that the Interwest and Banque abstracts do not substantially comply with the statutory requirements of an abstract because the abstracts fail to specify Murchison's address or the nature, date and place of service of citation. Interwest and Banque concede, and the evidence reflects, that their abstracts do not contain Murchison's address or citation information. However, Interwest and Banque claim that minor deviations will not void or make voidable the judgment lien and that each and every piece of omitted information could easily have been gathered by quick reference to the affidavits and foreign judgments which were filed, pursuant to the UEFJA, in the Dallas County district courts contained in the abstracts. Interwest and Banque further claim that their abstracts substantially comply with Texas law regardless of the omitted information.

■ We agree that substantial compliance is all that is required to create a valid judicial lien. However, we do not agree that the complete omission of a mandatory requirement such as the defendant's address or citation information constitutes a "minor deviation" or "substantial compliance." The cases cited and relied upon by Interwest and Banque are clearly distinguishable from the present situation. For example, as proof of substantial compliance Interwest and Banque rely on: *Houston Investment Bankers Corp. v. First City Bank*, 640 S.W.2d 660, 662 (Tex.App.—Houston [14th Dist.] 1982, no writ) (county clerk abbreviated the name "First City Bank of Highland Village" to "First City Bank of H.V."); *Fred Rizk Construction*

Co. v. Cousins Mortgage & Equity Investments, 627 S.W.2d 753, 756 (Tex.App.—Houston [1st Dist.] 1981, writ ref'd n.r.e.) (inclusion of the defendant's birthdate and driver's license is, *by statute*, conditioned on the availability of the information to the county clerk); *Mullins v. Albertson*, 136 S.W.2d 263, 264 (Tex.Civ.App.—San Antonio 1940, writ ref'd) (defendant identified as "G.W. Albertson" instead of "G.M. Albertson"); and *Citizens State Bank v. Del–Tex Inv. Co.*, 123 S.W.2d 450, 452 (Tex. Civ.App.—San Antonio 1938, writ dism., judg. correct) (clerk mistakenly wrote that judgment was rendered in the "92nd" instead of the "93rd" district court). These decisions stand for the proposition that substantial compliance allows only a minor deficiency in *an element* of the abstract. In contrast, the disputed abstracts in this case completely omit a statutorily required element of an abstract.

Recently, the court held in *Texas American Bank v. Southern Union Exploration Co.*, 714 S.W.2d 105, 107 (Tex.App.—Eastland 1986, writ ref'd n.r.e.), that an abstract which omitted both the defendant's address and the citation information failed to substantially comply with Texas law and was ineffective to create a judicial lien. The court stated that "[t]he right to a judgment lien is purely statutory, and without compliance with the statute, no lien will attach." *Id.* Thus, under *Southern Union* the omission of Murchison's address and citation information, in and of itself, renders the abstracts held by Interwest and Banque ineffective to create judicial liens.

Although Interwest and Banque recognize that their abstracts fail to state Murchison's address or the manner of citation, they argue that *Southern Union* is distinguishable and should not be controlling. First, Interwest and Banque contend that these omissions do not render their abstracts deficient because such statutory requirements are inapplicable to abstracts which are based on foreign judgments. And second, Interwest and Banque argue

that Citicorp's knowledge of the omitted information and the notoriety of Murchison rendered the inclusion of such information unnecessary.

■ As previously noted, the disputed abstracts are based on foreign judgments that were entered against Murchison. The Florida and New York judgments were filed in Texas pursuant to the UEFJA. Under the UEFJA, an authenticated foreign judgment is treated in the same manner and given the same effect as a Texas judgment. Tex.Civ.Prac. & Rem.Code Ann. § 35.003 (Vernon 1986). A foreign judgment is enforced or satisfied by the same procedures used to enforce a Texas judgment. The UEFJA does not provide for the creation or enforcement of liens, except to state that the foreign judgment is subject to the same procedures as a Texas judgment. We conclude that the UEFJA requires a foreign judgment creditor to comply with the same statutory lien requirements a Texas judgment creditor must follow. *See Reynolds v. Kessler*, 669 S.W.2d at 804–06. As a result, to create valid judicial liens the abstracts held by Interwest and Banque must substantially comply with the requirements of section 52.003 of the Texas Property Code.

■ We also conclude that Citicorp's actual notice or constructive knowledge of the foreign judgments and abstracts held by Interwest and Banque is irrelevant to a determination of whether these abstracts created valid liens. If an abstract does not substantially comply with the requirements of section 52.003 of the Texas Property Code, it is ineffective to create a lien despite actual knowledge by others of the contents of the defective abstract or related judgment. *Reynolds v. Kessler*, 669 S.W.2d at 806 (citing *Glasscock v. Stringer*, 32 S.W. 920, 924 (Tex.Civ.App.—1895), *rev'd on other grounds*, 33 S.W. 677 (Tex. Civ.App.—1896, writ ref'd)). "The requirements as to recording and indexing an abstract of judgment are not merely to give notice of the existence of an already exist-

ing lien, but such are the statutory means by which a lien having no previous existence comes into being ... [n]otice is not the only purpose." *McGlothlin v. Coody,* 39 S.W.2d at 134. If a judgment creditor fails to substantially comply with the statutory requirements, no lien exists, even as against persons with actual knowledge of the judgment or of its filing in Texas. *Id.*

■ Additionally, the notoriety of Murchison is irrelevant to an inquiry of whether the abstracts held by Interwest and Banque are defective. In this case, the trial court erroneously relied upon Murchison's "public notoriety" as grounds for concluding that the abstracts of Interwest and Banque substantially complied with section 52.003 of the Texas Property Code. The trial court effectively created a "public figure" exception to the statutory lien requirements. A defendant's prior or present public figure status does not obviate the need for substantial compliance with the statutory lien requirements. Substantial compliance with section 52.003 is *essential and mandatory* to the creation of the lien itself and is not required solely to ensure that subsequent purchasers are provided notice. *See Glasscock, supra* and *McGlothlin, supra.* Thus, the fact that Murchison is or was a public figure does not excuse the omissions in the abstracts held by Interwest and Banque or work to cure those defects.

From the foregoing discussion, we conclude that the abstracts of judgment held by Interwest and Banque do not substantially comply with section 52.003 of the Texas Property Code. The omission of Murchison's address or nature of citation in and of itself renders the Interwest and Banque abstracts ineffective to create valid judicial liens, *Southern Union,* 714 S.W.2d at 107; therefore, we need not discuss the other alleged deficiencies in these abstracts.

## III. *Attorney's Fees*

Citicorp argues that the trial court abused its discretion in awarding attorney's

fees to Ameritrust, Banque and Interwest under the Texas Declaratory Judgments Act. Under the Act, the trial court can award attorney's fees if it finds an award to be "just and reasonable." Tex.Civ.Prac. & Rem.Code Ann. § 37.009 (Vernon 1986).

In this case, the trial judge who heard the parties' motions for summary judgment entered an order granting and overruling them. In that order, the judge stated that "[t]he Court finds that Interwest and BAII [Banque] are entitled to a declaratory judgment that the liens in their favor are valid and binding; consequently, the prevailing parties are entitled to reasonable attorney's fees incurred in connection with this cause." Based on the original trial judge's findings, his successor entered final judgments in favor of Ameritrust, Banque and Interwest and also awarded attorney's fees to Ameritrust, Banque and Interwest pursuant to the Texas Declaratory Judgments Act. There is no evidence that the successor heard argument regarding attorney's fees or based the award of attorney's fees on anything except his predecessor's findings.

■ We conclude that, inasmuch as Banque and Interwest are no longer the prevailing parties, the award of their attorney's fees against Citicorp should be reversed and remanded to the trial court for reconsideration in light of this opinion. As to Ameritrust, Citicorp has made no showing that the award of attorney's fees was an abuse of the trial court's discretion under the Texas Declaratory Judgments Act. Accordingly, the award of attorney's fees to Ameritrust against Citicorp is affirmed.

The judgment of the trial court is reversed and rendered in part, reversed and remanded in part, and affirmed in part.