ALLIED FIRST NATIONAL BANK OF MESQUITE, Appellant,

v.

Lanny JONES, Appellee.

No. 05–88–00236–CV.

Court of Appeals of Texas, Dallas.

Dec. 28, 1988.

Rehearing Denied Jan. 26, 1989.

Robert S. Leithiser, Dallas, for appellant.

Michael E. Robinson, Dallas, for appellee.

Before STEPHENS, STEWART and ROWE, JJ.

STEWART, Justice.

Allied First National Bank of Mesquite (Allied) appeals the summary judgment rendered in favor of Lanny Jones, plaintiff below, awarding Jones fee simple title to certain real estate, declaring Allied's deed of trust lien null and void, and denying the counterclaims of Harold Flanery and Allied to title or to a lien on the property. Flanery did not appeal the trial court's judgment. In seven points of error, Allied contends that the trial court erred in granting Jones' motion for summary judgment and in overruling Allied's motion for summary judgment because the abstract of judgment filed by Jones was insufficient to create a lien; because the abstract of judgment could not have been properly indexed; and because Jones' underlying judgment was not a final judgment. We agree that the trial court erred in granting Jones' motion for summary judgment and in denying Allied's motion. Accordingly, we reverse and render judgment in favor of Allied.

Jones filed suit to declare himself owner of property claimed by Flanery, who had mortgaged the property to Allied. Both Jones and Flanery claimed ownership from Billy R. Shelton. Jones based his claim on a judgment obtained and abstracted against Shelton before Flanery bought the property from Shelton and mortgaged it to Allied. After Flanery bought the property, Jones had execution issued on his judgment and purchased the property at the sheriff's sale, completing his chain of title by a Sheriff's deed dated January 7, 1986 and filed January 21, 1986. Flanery obtained his claim of title in the property by warranty deed from Shelton. The deed was dated June 20, 1985 and filed of record on June 26, 1985. Allied obtained a deed of trust lien on the property from Flanery dated July 22, 1985, and filed of record on July 24, 1985.

The record further reflects that Jones obtained a judgment on his counterclaim against Shelton, Calvin L. Wilkins and Ronald C. Williams in a suit filed by Shelton, Wilkins, Williams and Empire West, Inc. against Jones, et al. The judgment recites that, "ON THE 26th day of October, 1984, came ... the parties by and through their respective attorneys ... and announced to the Court that an in-court settlement had been reached which disposes of all matters in controversy in this cause. The Court ... finds that ... the relief requested by Counterplaintiff LANNY JONES should be granted." The judgment shows that it is an agreed judgment, "APPROVED AS TO FORM AND CONTENT" by the "Attorney for Plaintiffs/CounterDefendants," by the "Attorney for Defendant/CounterPlaintiff," and by the "Attorney for Plaintiff Empire West, Inc." However, no signature is shown for the attorney for Empire West, Inc.

Jones obtained an abstract of the judgment dated February 5, 1985, which was filed with the Dallas County Clerk on February 6, 1985. The abstract did not mention Empire West, Inc. It lists Calvin L. Wilkins, Billy R. Shelton and Ronald C. Williams as plaintiffs and Lanny G. Jones as defendant and recites that "the said Defendant recovered Judgment against the said Plaintiffs...." The abstract does not show the address or nature of citation and date and place of service of citation on any of the parties.

As plaintiff and movant for summary judgment, Jones had the burden of showing that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. *Nixon v. Mr. Property Management Co., Inc.,* 690 S.W.2d 546, 548 (Tex.1985). Therefore, Jones had to prove as a matter of law that he had a valid final judgment against Shelton and that the judgment was properly abstracted and indexed, thereby creating a valid lien against Shelton's property. TEX.PROP.CODE ANN. § 52.001 (Vernon 1984).

The statute setting forth the contents of an abstract of judgment states as follows:

An abstract of judgment must show:

(1) the names of the plaintiff and defendant;

(2) the birthdate and driver's license number of the defendant, if available to the clerk or justice;

(3) the number of the suit in which the judgment was rendered;

(4) the defendant's address, or if the address is not shown in the suit, the nature of citation and the date and place of service of citation

(5) the date on which the judgment was rendered;

(6) the amount for which judgment was rendered and the balance due; and

(7) the rate of interest specified in the judgment.

TEX.PROP.CODE ANN. § 52.003 (Vernon 1984).[1]

In its second point of error, Allied contends that the abstract of judgment filed by Jones was insufficient to create a lien because it did not show Shelton's address or the date and place of service of citation on him as required by section 52.003(4). *Texas American Bank v. Southern Union Exploration,* 714 S.W.2d 105, 107 (Tex. App.—Eastland 1986, writ ref'd n.r.e.). It argues that the fact that the judgment was obtained by the original defendant on his counterclaim against the original plaintiffs does not eliminate the necessity to comply with the requirements of this section; that a counterdefendant is still a defendant and is the party against whom the judgment was rendered and against whom the judgment must be abstracted and indexed in order to fix a lien on a counterdefendant's real property, sections 52.001 *et seq.;* consequently, the requirement as to address or manner of service of citation must apply to counterdefendants, and because the abstract here failed to show Shelton's address or citation information as to him, no lien was created on his property.

The record reflects that the trial court concluded that the requirements of section 52.003(4) could be dispensed with in this case because the judgment was rendered on a counterclaim and because no citation was needed on Shelton since he had entered his appearance before the counterclaim was filed. TEX.R.CIV.P. 124. In addition, Jones contends that he himself was identified in the abstract as the defendant and that his own address or citation information was unnecessary because he was the prevailing party. He further maintains that a plaintiff/counterdefendant's address is seldom given in a plaintiff's petition and service of citation is not required in this instance because the plaintiff will always have previously entered an appearance; therefore, it would be impossible to comply with section 52.003(4) with regard to a counterdefendant.

Under Texas law, a judgment creditor must substantially comply with statutory requirements governing the creation of judgment liens to acquire a lien on real property owned by the judgment debtor. *Citicorp Real Estate v. Banque Arabe,* 747 S.W.2d 926, 929 (Tex.App.—Dallas 1988, writ ref'd n.r.e.). Section 52.003 governs the contents of an abstract; subsection (4) states in substance that the abstract *must* show the defendant's address, but if the address is not shown in the suit, then the abstract *must* show the nature of citation and the date and place of service of citation. § 52.003(4). The complete omission of this statutorily required element regarding an original defendant is not substantial compliance with section 52.003. *Id.; Texas American Bank,* 714 S.W.2d at 107. Thus, the question presented is whether the term "defendant" in section 52.003(4) refers only to an original defendant, or whether the term also applies to a counterdefendant even though service of citation may not be required under Texas Rule of Civil Procedure 124, and, therefore, citation information may not be available as an alternative to the counterdefendant's address.

We have been cited to no Texas case, nor have we found any, that addresses this question. However, as Allied points out,

---

**1.** All future section references herein are to Texas Property Code Annotated (Vernon 1984), un-

less otherwise designated.

the judgment lien statutes have been held to apply to those who are not original plaintiffs and original defendants. For example, in *Reynolds v. Kessler*, 669 S.W.2d 801 (Tex.App.—El Paso 1984, no writ), Reynolds, an original defendant, had recovered judgment against a third party defendant; the court treated as permissible his attempt to fix a lien on the third party defendant's property.

We also note that an abstract of judgment is available on application of "a person in whose favor a judgment is rendered or on application of that person's agent, attorney or assignee,...." TEX.PROP. CODE ANN. § 52.002 (Vernon Supp.1988). From this language, we conclude that the procedure for perfecting a judgment lien is available to any type of "plaintiff" or, in other words, to any judgment creditor, regardless of his status in the underlying suit. We further conclude that as an original plaintiff must comply with section 52.003(4) as to an original defendant, so must a counterplaintiff comply with that section as to the counterdefendant against whom he has obtained a judgment. Were we to hold otherwise, a counterplaintiff could never show that each and every requirement of the statute has been followed in order to establish the existence of his judgment lien. *McGlothlin v. Coody*, 59 S.W. 2d 819, 821 (Tex.Comm'n App.1933, judgm't adopted).

■ However, we recognize that when the counterdefendant is an original plaintiff, he will have already entered an appearance at the time the counterclaim is asserted and that he may be served either with citation or under Texas Rule of Civil Procedure 21a. TEX.R.CIV.P. 124. We also recognize that, if the counterplaintiff elects service under Rule 21a, he can comply with section 52.003(4) only if the counterdefendant's address is "shown in the suit," because that section allows citation information as the only alternative to the "defendant's" address. Nevertheless, we

do not agree that section 52.003(4) may be ignored. To the contrary, we conclude that if a counterplaintiff wants to obtain a judgment lien in the event he is successful, he must take the preliminary steps necessary to comply with the statutes governing the creation of a judgment lien. Thus, it is a counterplaintiff's responsibility to include the counterdefendant's address in his counterclaim if it does not already appear in the suit or, in the alternative, to serve the counterdefendant with citation so that the person preparing the abstract[2] can comply with section 52.003(4). This conclusion is consistent with the rule that it is the judgment creditor's duty to make sure that the person preparing the abstract complies with the statute and includes in the abstract the information required by the statute. *Texas American Bank*, 714 S.W.2d at 107.

Because Jones' abstract did not comply with section 52.003(4), we hold that Jones acquired no lien on Shelton's property. Allied's second point is sustained.

Relying on the same arguments presented under its second point, Allied contends in its third point that the trial court erred in overruling Allied's motion for summary judgment. We agree. Allied moved for summary judgment against Jones on Jones' entire claim against Allied. In light of our holding above, Allied was entitled to a judgment denying Jones relief on his cause of action against Allied.

However, Allied also moved for summary judgment on its counterclaim against Jones. In its counterclaim, Allied alleged that Jones' execution deed was a cloud on Flanery's title, thereby impairing Allied's collateral, and Allied requested the court to cancel the execution deed and to declare it null and void, to declare void any lien allegedly created by Jones' judgment and abstract of judgment, and to award attorney's fees and costs.

---

2. Section 52.002 was amended, effective September 1, 1987, to allow a person in whose favor a judgment is rendered in a court other than a small claims or justice court or the person's agent, attorney or assignee to prepare the abstract of judgment. TEX.PROP.CODE ANN. § 52.002(b) (Vernon Supp.1988); the clerk of such court may also prepare the abstract. *Id.* § 52.002(c).

We have already held that Jones had no valid lien based on the judgment and abstract alleged in his petition. Jones' claim to title to the property cannot rest on his purchase at the execution sale because the record reflects that the purchase was made after Flanery had purchased the property from Shelton. Under an execution sale, the purchaser obtains no greater interest in the property than the debtor himself could have conveyed at the time of the sale. *Shaw v. Frank*, 334 S.W.2d 476, 480–81 (Tex.Civ.App.—El Paso 1959, no writ) (citing *Moser v. Tucker*, 87 Tex. 94, 26 S.W. 1044, 1045 (1894)). We sustain Allied's third point. Our rulings on points two and three are dispositive of this appeal; therefore, we need not address Allied's other points.

Granting the relief requested in Allied's counterclaim was contingent on a ruling that Jones' judgment lien was invalid. Because the trial court reached an erroneous conclusion on this issue, it did not reach the merits of the counterclaim. However, when all parties file motions for summary judgment and one motion is granted, on appeal we should determine all questions presented. *Tobin v. Garcia*, 159 Tex. 58, 316 S.W.2d 396, 400 (1958). Since we have found reversible error, we must render the judgment that the trial court should have rendered, except when it is necessary to remand to the trial court for further proceedings. *Id.;* TEX.R.APP.P. 81(c).

The record reflects summary judgment evidence to support an award of $4,200 in attorney fees to Allied's counsel. Jones did not controvert this evidence. All other issues raised in Allied's counterclaim involve questions of law which we have determined in favor of Allied. Consequently, we conclude that we need not remand any portion of this case for further proceedings.

Accordingly, we reverse the judgment of the trial court and render judgment for Allied on its motion for summary judgment.