**In re Charlie D. DAVIS, Debtor.**

**Charlie D. DAVIS, Plaintiff,**

**v.**

**The STATE NATIONAL BANK, BIG SPRING, TEXAS and The United States Internal Revenue Service, Defendants.**

Bankruptcy No. 691–60155–7.
Adv. No. 694–6001.

United States Bankruptcy Court,
N.D. Texas,
San Angelo Division.

Nov. 9, 1994.

Samuel S. Allen, Smith, Carter, Rose, & Finley, P.C., San Angelo, TX, for debtor.

Robert R. Truitt, Jr., Midland, TX, for State Nat. Bank.

Waymon G. DuBose, Jr., Tax Div., Dept. of Justice, Dallas, TX, for U.S. I.R.S.

### MEMORANDUM OF OPINION
### ON LIEN PRIORITY

JOHN C. AKARD, Bankruptcy Judge.

In this adversary proceeding the court is called upon to determine the validity and priority of liens held by The State National Bank, Big Spring, Texas (National Bank) and The United States Internal Revenue Service (IRS)[1]. The Court finds the IRS lien has priority.

---

1. This court has jurisdiction of this matter under 28 U.S.C. § 1334(d), 28 U.S.C. § 157(a), and

## FACTS

By order filed September 29, 1986 in the 39th Judicial District Court for the State of Texas sitting in Haskell County, Texas, National Bank recovered a judgment against Charlie D. Davis (Davis), the debtor in this bankruptcy proceeding. The judgment was in the amount of $100,000 plus interest, attorney's fees, and costs. National Bank filed an abstract of that judgment which was recorded on December 12, 1986 in Volume 2, Page 57 of the Abstract of Judgment Records in the office of the County Clerk of Sterling County, Texas.

On August 13, 1990, the IRS filed a Federal Tax Lien against Davis in Sterling County, Texas in the amount of $41,676.67. This lien was for Davis' unpaid 1985 taxes plus interest and penalties.

On August 28, 1991, Davis filed for relief under Chapter 7 of the Bankruptcy Code. On December 16, 1991, National Bank filed a claim in the Davis bankruptcy proceeding. Davis made payments on his debt to National Bank, but the balance due remains in excess of $100,000. On February 3, 1993, this court relieved the automatic stay for National Bank to pursue its abstract of judgment liens in Shackelford, Reeves, Coke, Reagan, Sterling, and Tom Green Counties, Texas.

On May 27, 1992, this court entered an Agreed Judgment in Adversary No. 691–6029 which excepted Davis' obligation to National Bank from his discharge. The judgment was for $100,000, plus attorney's fees of $1,800, bearing interest at 18% per annum from September 20, 1986 until paid. Also included were state court costs of $691.02. Credit was given for a previous payment of $15,-000.00. The parties also entered into an Agreement for Payment of Agreed Judgment which provided for Davis to pay National Bank the total sum of $50,000 in full satisfaction of the judgment in annual installments of $5,000 each with the balance due May 20, 1997. If Davis failed to make the scheduled payments National Bank could terminate the Agreement and pursue other means of collec-

tion of the full amount of the original judgment.

National Bank asserts Davis failed to make the agreed payments and is obligated to National Bank for the full unpaid balance of its judgment against him. National Bank secured an Abstract of Judgment in Adversary Proceeding No. 691–6029 which was recorded on July 28, 1992 in Volume 2, Page 127 of the Abstract of Judgment Records of Sterling County, Texas.

In Davis' Chapter 7 proceeding, the court authorized the sale of real property in Sterling County in which Davis owned a one-half interest. Davis' net interest in the property, approximately $13,000, was paid into the registry of the court and both National Bank and the IRS claimed it.

Davis initiated this proceeding in an effort to reduce his nondischargeable tax liability. The IRS filed a brief in support of Davis' position. In its brief, the IRS argued National Bank's 1986 abstract of judgment is deficient because it did not comply with subsections (4) and (7) of § 52.003 of the Texas Property Code. When National Bank filed its 1986 abstract of judgment § 52.003 stated,

> [a]n abstract of a judgment must show:
>
> (4) the defendant's address, or if the address is not shown in the suit, the nature of citation and the date and place of service of citation;
>
> . . . .
>
> (7) the rate of interest specified in the judgment.

TEX.PROP.CODE ANN. § 52.003 (Vernon 1984).

The IRS argues its 1990 tax lien has priority, because National Bank's 1986 abstract of judgment contained neither the debtor's address, the date and place of service of citation, nor the rate of interest; although it did state a per diem rate of interest.

National Bank maintains its 1986 abstract of judgment has priority because it substantially complies with the statute and gives sufficient notice of its claim against Davis' property. National Bank asserts two addi-

---

Miscellaneous Rule No. 33 of the Northern District of Texas contained in Order of Reference of Bankruptcy Cases and Proceedings *Nunc Pro* *Tunc* dated August 3, 1984. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(1), (b)(2)(K).

tional arguments in support of its claim. First, Davis should be estopped from claiming National Bank's lien invalid because he recognized its validity in a prior transaction with National Bank. Second, it claims its 1992 bankruptcy court abstract of judgment amended and cured any deficiencies in its 1986 abstract of judgment.

## THE PRIORITY ISSUE

The principle of "first in time first in right" dictates the order of priority between a federal tax lien and a competing judicial lien filed against the same property. *Rice Inv. Co. v. United States,* 625 F.2d 565 (5th Cir.1980). However, a judgment lien will not attach unless a judgment creditor takes the steps necessary to comply with § 52.003 of the Texas Property Code. *Texas Am. Bank v. Southern Union Exploration,* 714 S.W.2d 105, 107 (Tex.App.—Eastland 1986, writ ref'd n.r.e.). *See also, Womack v. Paris Grocer Co.,* 166 S.W.2d 366 (Tex.Civ. App.—Galveston 1942), *writ ref'd,* 140 Tex. 423, 168 S.W.2d 645 (1943); *Fordyce–Crossett Sales Co. v. Erwin,* 121 S.W.2d 491 (Tex. Civ.App.—Amarillo 1938, no writ); *Chamlee v. Chamlee,* 113 S.W.2d 290 (Tex.Civ.App.— Waco 1938, no writ). Furthermore, it is the judgment creditor's duty to insure the abstract includes the statutorily required information. *Texas Am. Bank,* 714 S.W.2d at 107. *See also, Allied First Nat'l Bank v. Jones,* 766 S.W.2d 800, 803 (Tex.App.—Dallas 1988, no writ).

Texas law does recognize that a judgment lien will attach if it substantially complies with the statute. *Citicorp Real Estate v. Banque Arabe Internationale D'Investissement,* 747 S.W.2d 926 (Tex.App.—Dallas 1988, writ denied); *Allied,* 766 S.W.2d at 802; *In re Henderson,* 155 B.R. 157, 159 (Bankr. W.D.Tex.1992, *rev'd on other grounds*). However, the *Allied* court stated:

> Under Texas law, a judgment creditor must substantially comply with statutory requirements governing the creation of judgment liens to acquire a lien on real property owned by the judgment debtor. *Citicorp Real Estate v. Banque Arabe,* 747 S.W.2d 926, 929 (Tex.App.—Dallas 1988, writ ref'd n.r.e.). Section 52.003 governs

the contents of an abstract; subsection (4) states in substance that the abstract *must* show the defendant's address, but if the address is not shown in the suit, then the abstract *must* show the nature of citation and the date and place of service of citation. § 52.003(4). The complete omission of this statutorily required element regarding an original defendant is not substantial compliance with section 52.003. *Id.; Texas American Bank,* 714 S.W.2d at 107.

*Allied,* 766 S.W.2d at 802.

National Bank makes two arguments supporting its contention that its 1986 abstract of judgment substantially complied with the statute. First, National Bank relies on *James v. Midland Grocery & Dry Goods Co.,* 146 S.W. 1073 (Tex.Civ.App.—El Paso 1912, writ ref'd) for the proposition that an abstract of judgment need not include every element enumerated in the statute in order to substantially comply. In *James,* the El Paso Court of Civil Appeals, despite the statutory requirements, held a lien valid although it omitted the cause number. *Id.* at 1074. The *James* court found the lien sufficiently complied because the documents accompanying the abstract of judgment contained the information required by the statute. *Id.* The court noted "if the certificate is recorded, although not required by law to be recorded, it may in itself be treated as the abstract, and if it contains the essential elements, the recording of this certificate is sufficient as the recording of an abstract of judgment." *Id.* However, the facts in *James* significantly differ from the instant case in that National Bank's abstract of judgment did not contain any additional information from which the defendant's address or the citation information could have been obtained. Therefore, its reliance on *James* is misplaced.

Second, National Bank argues that its 1986 abstract of judgment provided sufficient notice. Thus, it substantially complied with § 52.003. National Bank relies on *Citizens State Bank v. Del–Tex Inv. Co.,* 123 S.W.2d 450 (Tex.Civ.App.—San Antonio 1938, writ dism'd jdgmt. cor.) in which the court held the purpose of the statute governing the

creation of a judgment lien is to provide subsequent purchasers or encumbrancers of property with notice of the existing judicial lien. The court stated "[i]f the record is such as to charge third parties with notice of the lien or to excite inquiry which, if reasonably or diligently pursued, would disclose the existence of the lien, then the true object of the statute is served." *Id.* at 452 (citations omitted). In *Del–Tex,* the abstract of judgment inadvertently showed the court rendering the judgment as the 92nd rather than the 93rd District Court of Hidalgo County. The *Del–Tex* court held the judgment creditor had substantially complied with the statute because the information in the abstract of judgment was enough to put third parties on notice that the 93rd Court had actually rendered the judgment. *Id.* However, the court in *Citicorp Real Estate v. Banque Arabe,* stated *Del–Tex* and similar decisions "stand for the proposition that substantial compliance allows only a minor deficiency in *an element* of the abstract. In contrast, the disputed abstracts in this case completely omit a statutorily required element of an abstract." 747 S.W.2d at 930 (abstract of judgment omitted defendant's address and citation information). In *Citicorp,* the court stated "[t]he purpose of an abstract of judgment is to create a lien against the debtor's property and to provide notice to subsequent purchasers of the existence of the judgment and the lien." 747 S.W.2d at 929 (*citing McGlothlin v. Coody,* 39 S.W.2d 133, 134 (Tex.Civ.App.—Eastland 1931), *aff'd,* 59 S.W.2d 819 (Tex.Comm'n App.1993, judgmt. aff'd as recommended)). The court held that "[i]f a judgment creditor fails to substantially comply with the statutory requirements, no lien exists, even as against persons with actual knowledge of the judgment or of its filing in Texas." *Citicorp,* 747 S.W.2d at 931 (*citing McGlothlin, supra*).

*Citicorp* is very similar to the instant case. In *Citicorp,* the appellant alleged the appellee's abstract of judgment was deficient on several independent grounds. The first and only defect addressed by the court was the complete omission of the judgment debtor's address and citation information. The court held "[s]ubstantial compliance with section 52.003 is *essential and mandatory* to the

creation of the lien itself and is not required solely to ensure that subsequent purchasers are provided notice." *Id.* (*citing Glasscock v. Stringer,* 32 S.W. 920, 924 (Tex.Civ.App. 1895), on rehearing *rev'd on other grounds,* 33 S.W. 677 (Tex.Civ.App.1896, writ ref'd) and *McGlothlin, supra*). Although, unlike the present case, the appellees in *Citicorp* attempted to bolster their case by arguing the debtor's "public notoriety" gave sufficient notice, thus concluding the abstract of judgment substantially complied with the statute, the court stated "the notoriety of . . . [the debtor] . . . is irrelevant to an inquiry of whether the abstracts . . . are defective." *Id.* The court concluded "[t]he omission of . . . [the debtor's] . . . address or nature of citation in and of itself renders the . . . abstract ineffective to create valid judicial liens (citation omitted); therefore, we need not discuss the other alleged deficiencies in these abstracts." *Citicorp,* 747 S.W.2d at 931. Ensuring the abstract of judgment gives actual or constructive notice is important. However, the court finds it is not determinative of whether National Bank's abstract of judgment created a valid lien.

▮ Texas courts agree that an abstract of judgment which entirely omits one or more mandatory statutory elements does not substantially comply with § 52.003. Thus, no lien attaches. *See, e.g., Southern Union,* 714 S.W.2d at 107 (no judgment lien will attach when the abstract of judgment does not state defendant's address or the nature of the citation, the date of service of citation, and the place of service of citation); *Allied,* 766 S.W.2d at 802 (complete omission of the defendant's address or the nature of the citation, the date and place of service of citation is not substantial compliance with § 52.003); *Apostolic Church v. American Honda Motor Co.,* 833 S.W.2d 553, (Tex.App.—Tyler 1992, writ denied) (citing, *Citicorp, supra,* and *Southern Union, supra*) (if the debtor's address was not shown in the abstract of judgment, no lien attaches); *Reynolds v. Kessler,* 669 S.W.2d 801 (Tex.App.—El Paso 1984, no writ) (abstract of judgment did not substantially comply because it failed to state the rate of interest specified in judgment). Therefore, because National Bank omitted

subsection (4) of § 52.003 it did not substantially comply with the statute and no lien attaches. This omission by itself renders National Bank's abstract of judgment incapable of creating a valid judicial lien. Thus, this court need not decide whether the per diem rate recorded in the abstract, rather than the statutorily required interest rate, conforms with the substantial compliance test adopted by the courts.

## THE ESTOPPEL ISSUE

 The court finds National Bank's estoppel argument unpersuasive. Estoppel would have merit if the dispute were solely between Davis and National Bank. However, "[a]n estoppel in pais operates only on parties to the transaction and their privies." *Asbeck v. Asbeck,* 362 S.W.2d 891, 893 (Tex. Civ.App.—Texarkana 1962), aff'd, 369 S.W.2d 915 (Tex.1963) (*citing, Buckner Orphan Home v. Berry,* 332 S.W.2d 771 (Tex.Civ. App.—Dallas 1960, writ ref'd n.r.e.) and *Harris v. Mayfield,* 260 S.W. 835 (Tex.Comm'n App.1924, opinion adopted); 31 C.J.S. *Estoppel* §§ 130–32). Therefore, the IRS is not estopped from asserting the invalidity of National Bank's lien because of Davis' actions.

## THE RELATION BACK ISSUE

Finally, National Bank argues a "relation back" theory, although it cites no authority nor has this court found any that addresses this question. Thus, the court finds this argument unpersuasive as well. "[R]equirements as to recording and indexing an abstract of judgment are not merely to give notice of the existence of an already existing lien, but such are the statutory means by which a lien having no previous existence comes into being." *McGlothlin,* 39 S.W.2d at 134 (citation omitted). Accordingly, because National Bank's 1986 lien did not substantially comply with the statute, the court finds that it did not come into being. Thus, there can be no relation back to the purported lien. In addition, there is no authority cited as to how an abstract of judgment issued out of a bankruptcy court's non-

dischargeable judgment would cure any defects in a state court abstract of judgment.

## CONCLUSION

In summary, for a judgment creditor to create a valid judicial lien with priority, the creditor must be the first to file an abstract of judgment which substantially complies with § 52.003 of the Texas Property Code. This court concludes National Bank's 1986 abstract of judgment neither created a valid lien, nor had priority over the subsequent IRS lien. First, it did not substantially comply with § 52.003 of the Texas Property Code. Second, while filing an abstract of judgment serves the important purpose of giving actual or constructive notice, that is not determinative as to whether it substantially complies with the statute. Third, the IRS may not be estopped from asserting its claim based on the actions of a third party. Finally, regardless of National Bank's attempt to cure the defect of its previous filing, there is no jurisprudential support for its "relation back" theory. Therefore, this court finds that the IRS has a superior lien and is entitled to the $13,000.[2]

---

**2.** This Memorandum shall constitute Findings of Fact and Conclusions of Law pursuant to Fed.

R.Bankr.P. 7052. This Memorandum will be published.