**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

No. 01-50865
_____

In the Matter of:  MARION A. JOHNSTON; PHYLLIS D. JOHNSTON

Debtors.

_____

NORRIS J. DEVOLL,

Appellant,

versus

MARION A. JOHNSTON; PHYLLIS D. JOHNSTON,

Appellees.

_____

Appeal from the United States District Court
for the Western District of Texas,
(No. 00-CV-894)
_____
March 18, 2002

Before POLITZ, STEWART and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Appellant Norris J. DeVoll claims a perfected judgment lien on the Tarrant County property of appellees Marion and Phyllis Johnston by virtue of an abstract of judgment filed pursuant to Texas Property Code §§ 52.001-.007.  The underlying judgment, which

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

was rendered in Illinois but made enforceable in Texas pursuant to the Uniform Enforcement of Foreign Judgments Act (UEFJA), Tex. Civ. Prac. & Rem. Code §§ 35.001–.008, provides for post-judgment interest of $9.75 per diem.[1] The abstract recites the terms of the judgment, including the $9.75 per diem rate, but also provides for "interest at the rate of 10% per annum from January 26, 1990 until paid." Both the bankruptcy court and the district court found that the abstract's inclusion of an additional rate of interest not specified in the judgment rendered the abstract noncompliant with Texas Property Code § 52.003(a). Accordingly, the courts ruled the abstract was ineffective to create a lien and thus that DeVoll was merely an unsecured creditor. For the reasons that follow, we affirm.

## I. EFFECTIVENESS OF THE ABSTRACT

### A. Standard of Review

We review the district court's decision under the same standard the district court applied in reviewing the bankruptcy court's decision: findings of fact are analyzed for clear error and conclusions of law are considered de novo. McGee v. O'Connor

---

[1] The bankruptcy court concluded that the $9.75 per diem is a post-judgment interest rate, and the district court affirmed. Because the Johnstons have not questioned this ruling, we assume that the district court's ruling is correct for purposes of this appeal. Accordingly, given that the issue whether the judgment provides for post-judgment interest is not before us, DeVoll's argument that the district court materially misstated the language of the abstract with respect to the $9.75 per diem post-judgment interest rate is completely irrelevant for purposes of this appeal.

(In re O'Connor), 153 F.3d 258, 260 (5th Cir. 1998).

## B.   Substantial Compliance?

Texas law provides that a properly recorded and indexed abstract of a non-dormant judgment establishes a lien on the judgment debtor's real property in the county where the abstract is recorded and indexed.  Tex. Prop. Code. § 52.001.  According to Texas Property Code § 52.003(a), a valid abstract of judgment must "show" a number of things, including "the rate of interest specified in the judgment."  Tex. Prop. Code § 52.003(a).  The judgment creditor bears the responsibility of insuring that the clerk of court abstracts the judgment properly.  Citicorp Real Estate, Inc. v. Banque Arabe Internationale D'Investissement, 747 S.W.2d 926, 929 (Tex. App. 1988); Texas Am. Bank/Fort Worth, N.A. v. Southern Union Exploration Co., 714 S.W.2d 105, 107 (Tex. App. 1986).

It is well-established that there must be substantial compliance with the statutory requirements of § 52.003(a) for a judgment lien to attach.  Citicorp, 747 S.W.2d at 929.  The substantial compliance standard excuses minor deficiencies in an element of an abstract. See id. at 930; e.g., Houston Inv. Bankers Corp. v. First City Bank, 640 S.W.2d 660, 662 (Tex. App. 1982) (abbreviating the name of the creditor from "First City Bank of Highland Village" to "First City Bank HV" does not render an abstract noncompliant).  But it will not excuse the complete omission of an element or the inclusion of an additional term.

3

Texas courts have routinely found substantial compliance lacking where an abstract completely omits one or more mandatory statutory elements. See, e.g., Citicorp, 747 S.W.2d at 930 (abstract omitted the debtor's address and citation information); Reynolds v. Kessler, 669 S.W.2d 801, 804-05 (Tex. App. 1984) (abstract failed to state the date of the judgment as well as the rate of interest specified in the judgment). Moreover, of significance to this case, they have refused to find substantial compliance where a term that is not part of the underlying judgment is included in the abstract. In Midland County v. Tolivar's Estate, 155 S.W.2d 921, 922 (Tex. Comm'n App. 1941), the court concluded that it was "obvious" that an abstract that recited that the judgment bore interest at 10% per annum where the judgment did not provide for interest was not substantially compliant with the precursor to § 52.003(a) and thus did not create a judgment lien.

We find that the rule of Tolivar's Estate is controlling and disposes of the question whether the abstract in this case is substantially compliant with § 52.003(a). Like the abstract in that case, the abstract here contains a rate of interest not specified in the underlying judgment. Accordingly, we conclude that the abstract here fails to comply with § 52.003(a) and thus is ineffective to create a lien on the Johnstons' Tarrant County property. In light of the clear rule of Tolivar's Estate, we are not persuaded by DeVoll's effort to characterize the discrepancy between 10% per annum and $9.75 per diem as de minimus.

4

DeVoll's attempt to explain the inclusion of the 10% post-judgment interest rate in the abstract as proper pursuant to Texas Finance Code § 304.003 is likewise unavailing.[2] As an initial matter, we observe that there is no record evidence that indicates that § 304.003, rather than its counterpart, § 304.002, applies in the present case; the record is completely devoid of evidence regarding whether a contract gave rise to the judgment and, if so, whether it specified an interest rate.[3] Further, we question whether either section applies to this judgment. Although Texas courts have not yet addressed whether a foreign judgment made enforceable in Texas pursuant to the UEFJA bears post-judgment interest at the rate established in the judgment-rendering state (here, Illinois), or whether it takes on the prevailing rate in the judgment-enforcing state (here, Texas),[4] it is clear that under

---

[2] DeVoll suggests that the 10% interest rate automatically became part of the judgment by virtue of Texas Finance Code § 304.003, which provides for a 10% rate in some circumstances, once it became enforceable in Texas. The Johnstons counter that § 304.003, which specifies the interest rate applicable to judgments for which there is no underlying contract that specifies an interest rate, is not applicable in this case, asserting instead that the interest rate is governed by § 304.002, which prescribes the interest rate for a judgment based on a contract that provides for interest.

[3] However, we note that DeVoll argued to the bankruptcy court that the $9.75 per diem rate is a contract rate. Although DeVoll did not offer any evidence in support of this argument, such an argument obviously runs counter to his contention that § 304.003 applies here.

[4] We observe that the majority of states that have addressed the issue hold that judgment interest is determined according to the law of the jurisdiction that awarded the

5

Texas law judgment interest rates are a matter of substantive law controlled by the law of the state where the cause of action arose. Bott v. American Hydrocarbon Corp., 458 F.2d 229, 231 (5th Cir. 1972); Bergstrom Air Force Base Fed. Credit Union v. Mellon Mortgage, Inc.-East, 674 S.W.2d 845, 851 (Tex. App. 1984); cf. Mike Smith Pontiac GMC, Inc. v. Mercedes-Benz of N. Am., 741 A.2d 462, 466-67 (Md. 1999). It is therefore doubtful that the interest rates specified in the Texas Finance Code apply here.

## II.  DEVOLL'S NEW ARGUMENT

In his reply brief, DeVoll contends, for the first time on appeal, that the bankruptcy court erred in calculating the amount of his claim by not including extra days for leap years and quarter days when computing the amount of post-judgment interest due. As DeVoll raised this issue for the first time in his reply brief, the Johnstons have not responded to this argument.

We generally do not consider arguments raised for the first time on appeal in a reply brief. Cavallini v. State Farm Mut. Auto Ins. Co., 44 F.3d 256, 260 n.9 (5th Cir. 1995); Insilco Corp. v. United States (In re Insilco Corp.), 53 F.3d 95, 99-100 (5th Cir.

---

judgment.  See, e.g., Mich. Comp. Laws § 691.1176; Hosp. Serv. Plan v. Warehouse Prod. & Sales Employees Union, 429 N.Y.S.2d 31, 32 (N.Y. App. Div. 1980); Dooley v. Rubin, 618 A.2d 1014, 1017-18 (Pa. Super. Ct. 1993).  But see, e.g., Mike Smith Pontiac GMC, Inc. v. Mercedes-Benz of N. Am., 741 A.2d 462, 469-70 & n.8 (Md. 1999) (holding that the rate of post-judgment interest on a foreign judgment enforced in Maryland is determined by the law of the forum, rather than by that of the judgment-rendering state, but recognizing that this position espouses the minority view).

1995).  At most, our review would be under a plain error standard, which requires that the error be "clear" or "obvious" and that it affect substantial rights as well as the fairness, integrity, or public reputation of judicial proceedings.  <u>Dufrene v. Browning-Ferris, Inc.</u>, 207 F.3d 264, 268 (5th Cir. 2000).  DeVoll's contentions do not satisfy this narrow standard of review; even assuming an error, there has been no showing that the alleged calculation error affects substantial rights or that it impugns the integrity of judicial proceedings.  Accordingly, we do not consider DeVoll's new argument.

### III.  CONCLUSION

For the foregoing reasons, the order of the district court is AFFIRMED.