**In re Teresa T. TRAN, Debtor.**

**No. 05–82180–H5–13.**

United States Bankruptcy Court,
S.D. Texas,
Houston Division.

Aug. 9, 2006.

Michael Glen Walker, Walker and Patterson, Houston, TX, for Debtor.

## ORDER REGARDING OBJECTIONS TO CLAIMS OF ECAST SETTLEMENT CORPORATION TO DEBTOR'S OBJECTIONS TO CLAIM NUMBERS 7, 8 AND 9

KAREN K. BROWN, Chief Judge.

Before the Court are debtor's objections to the claims of eCAST Settlement Corporation identified as proofs of claim Numbers 7, 8 and 9 on the Court's claims register. This Court has jurisdiction of this proceeding pursuant 28 U.S.C. §§ 1334 and 157. This is a core proceeding.

On August 16, 2005, Teresa Tran filed a voluntary petition under Chapter 13. Debtor scheduled, among others, the following unsecured non-priority claims: (1) Office Depot, account number xxxx–xxxx–xxxx–8136, in the amount of $3,063.00; (2) MBNA America, account number xxxx–xxxxxx-x4331, in the amount of $39,797.00; and (3) Cardmember Service, account number xxxx–xxxx–xxxx–7368, in the amount of $27,365.00.

eCAST Settlement Corporation filed three proofs of claim as follows: (1) claim number 7, dated December 16, 2005, as assignee of Citibank USA NA in the amount of $3,378.17 for account number * * * * * * * * * * * *8136; (2) claim number 8, dated December 19, 2005, as assignee of MBNA America Bank, N.A. in the amount of $40,501.15 for account number * * * * * * * * * * * *4331; and (3) claim number 9, dated December 19, 2005, as assignee of Chase Manhattan Bank USA, NA in the amount of $27,945.49 for account number * * * * * * * * * * * *7368.

Debtor objects to claims 7, 8 and 9 because debtor does not owe any money to eCAST Settlement Corporation and the documentation attached to the claims does not satisfy the requirements of Fed. R.Bankr.P. 3001 and does not include any writing signed by the debtor establishing debtor's personal liability for the debts. eCAST responds that: (1) debtor's objections do not invoke any of the grounds for disallowance set forth in 11 U.S.C. § 502(b); (2) that its proofs of claim are properly executed and entitled to prima facie validity under Fed.R.Bankr.P. 3001(f) and that debtor has failed to overcome the prima facie validity of Claims 7, 8 and 9; and (3) that its proofs of claim meet the requirements of Fed.R.Bankr.P. 3001(e)(1) which governs a transfer of claim other than for security before the proof of claim is filed, because the rule does not require that proof of the transfer be attached to the claim.

■ As to eCast's contention that debtor's objections fail to invoke a reason for disallowance cognizable under § 502(b), that section provides that if an objection to a claim is made the court shall allow the claim except to the extent that the claim is unenforceable against the debtor under any agreement or applicable law. 11 U.S.C. § 502(b)(1). As debtor contends that debtor does not owe any money to eCast, the Court finds this contention to adequately state an objection to claim under § 502(b)(1).

■ An unsecured creditor must file a proof of claim for the claim to be allowed. Fed. R. Bankr.P. Rule 3002(a). A properly filed proof of claim is prima facie evidence of the validity and amount of the claim. Fed. R. Bankr.P. Rule 3001(f). As explained by Justice Stevens in *Virginia v. Black*, 538 U.S. 343, 369, 123 S.Ct. 1536, 155 L.Ed.2d 535 (2003) (Justice Stevens, concurring):

Typically, "prima facie evidence" is defined as:

Such evidence as, in the judgment of the law, is sufficient to establish a given fact

... and which if not rebutted or contradicted, will remain sufficient. [Such evidence], if unexplained or uncontradicted, is sufficient to sustain a judgment in favor of the issue which it supports, but [it] may be contradicted by other evidence.

*Id.* (internal quotations and citation omitted.) "A prima facie presumption casts upon the person against whom it is applied the duty of going forward with his evidence on the particular point to which the presumption relates." *Western & A.R.R. v. Henderson,* 279 U.S. 639, 642, 49 S.Ct. 445, 73 L.Ed. 884 (1929).

██ In order to be entitled to prima facie evidentiary effect a claim based on a writing must be filed with the original or a duplicate of the writing. Fed. R. Bankr.P. Rule 3001(c). If the writing has been lost or destroyed, a statement of the circumstances of the loss or destruction shall be filed with the claim. *Id.*

██ "Creditors' entitlements in bankruptcy arise in the first instance from the underlying substantive law creating the debtor's obligation, subject to any qualifying or contrary provisions of the Bankruptcy Code." *Raleigh v. Illinois Dept. of Revenue,* 530 U.S. 15, 20, 120 S.Ct. 1951, 147 L.Ed.2d 13 (2000). "Given its importance to the outcome of cases, we have long held the burden of proof to be a 'substantive' aspect of a claim. That is, the burden of proof is an essential element of the claim itself; one who asserts a claim is entitled to the burden of proof that normally comes with it." *Id.*

██ If objection is made to the proof of claim, the objecting party has the burden to present enough evidence to overcome the prima facie effect of the claim. *Matter of O'Connor,* 153 F.3d 258, 260–261 (5th Cir.1998). If the objecting party succeeds, the creditor must prove

the validity of the claim. *Id.* Thus, the Court must review eCast's proofs of claim in light of Fed. R. Bankr.P. Rule 3001 and Texas law to determine the evidentiary effect of the claims themselves, whether debtor has met debtor's burden of going forward with evidence to overcome any prima facie validity of the claims, and whether eCast has ultimately carried its burden of persuasion.

██ Under Texas law, collection of the amount due under a credit card agreement is treated as a claim for breach of a written contract. *Tully v. Citibank (South Dakota), N.A.,* 173 S.W.3d 212, 215–220 (Tex.App.-Texarkana 2005). Thus, Texas law provides that eCast's claim is one based on a writing, therefore, to be entitled to prima facie evidentiary effect, eCast's claim must include the writing under Rule 3001(c).

██ The essential elements in a suit for breach of contract are: (1) the existence of a valid contract; (2) that the plaintiff performed or tendered performance; (3) that the defendant breached the contract; and (4) that the plaintiff was damaged as a result of the breach. *Hussong v. Schwan's Sales Enterprises, Inc.,* 896 S.W.2d 320, 326 (Tex.App.-Hous. (1 Dist.)1995). A credit card creditor has the burden at trial to establish the existence of the contract and compliance with its provisions. *Preston State Bank v. Jordan,* 692 S.W.2d 740, 743–744 (Tex.App.-Fort Worth 1985). The creditor fails to establish a prima facie case if it fails to introduce the contract between itself and the debtor or the terms and conditions thereof. *Id.* Holding the credit card application alone insufficient to establish the terms and conditions of the card holder agreement, the *Preston State Bank* court stated:

> Quite simply put, appellant failed to produce any evidence of a contract agreement under which appellee was allegedly

liable to it. The fact that appellee failed to deny under oath under TEX.R.CIV.P. 93(7) that he had executed the contract, does not excuse appellant from having to prove the terms of the contract.

*Id.*

■■■ A review of eCast's claim number 7 shows that it has attached to it a typed document stating the debtor's name and address, the last four digits of her social security number, her bankruptcy case number and filing date, the name, "eCast Settlement Corporation, assignee of Citibank USA NA," and beneath the words, "Account Summary," the following:

| Account Number: | ***********8136 |
| Account Type: | Credit Card |
| Balance at Filing Date: | $ 3378.17 |

Pursuant to paragraph 9 Official Bankruptcy Form 10, Proof of Claim, in lieu of attaching voluminous account documents, a summary of the account, compiled from the information contained in the account databases of Citibank USA NA and their agents, if any, is provided. (See Instructions to Official Form 10). This debt arises from the use of a credit/charge card account or other money loaned, the supporting documents for which were provided by Citibank USA NA to the debtor pre-petition. For further information about this claim call 1–800–962–6030 and ask to speak to the Claims Servicing Supervisor. Some documents may no longer be available.

Claim number 8 has attached to it a document including similar preliminary information and well as the ending statement, but changes the name of the assignor to MBNA America Bank, N.A. Beneath the "Account Summary" is the following:

| Account Number: | ***********4331 |
| a/k/a Account Number: | *****.***.***8541 |
| Account Type: | Credit Card |

Thereafter, a chart is displayed with the following categories: StartBal, Payments, Purchases, Cash Adv, Fin Chg, Late Chg, Endbal, Enddt. Beneath the categories are amounts and dates.

Claim number 9 has attached to it a document including similar preliminary information and the ending statement, but changes the name of the assignor to Chase Manhattan Bank USA NA. Below the "Account Summary" is the following:

| Account Number: | ************7368 |
| Account Type: | Credit Card |

| Statement Date | Balance |
| Open date: | 06/01/1992 |
| Last Pay Date: | |
| Last Pay Amount: | 0.00 |

| Transactions | Amount | Description |
| August 1, 2005 | $ 55.00 | Cash Finance Charge |
| August 1, 2005 | $455.49 | Purchase Finance Charge |
| Month–End Balance | | Balance |
| July 31, 2005 | | $27,435.00 |
| June 30, 2005 | | $26,851.12 |

The writing required by Rule 3001(c) which must be filed with a claim in order to entitle that claim to prima facie evidentiary effect is, under Texas law, the written contract between the parties. None of the documents attached to the claims of eCast is a contract establishing the terms and conditions of the credit card holder agreement between debtor and eCast or between debtor and eCast's predecessors in interest.[1] The parties have not raised any dispute as to the application of Texas law to a determination of whether debtor is obligated to eCast. Thus, eCast's claims have no prima facie evidentiary effect under Rule 3001(f).

■■■ To the extent that eCast contends that Rule 3001(e)(1) represents a shortcut to an allowed claim, the Court finds to the

---

**1.** In contrast to the facts described in the recently issued opinion in *In re Padilla,* 2006 WL 2090210 (Bankr.S.D.Tex.2006), the facts of this case do not raise the issue of whether the attachment or filing of a business records affidavit in connection with the proof of claim would have entitled the claim to prima facie evidentiary effect as eCast failed to file or attach such a document to support its claim.

contrary. *See* Fed. R. Bankr.P. Rule 3001(e)(1) ("If a claim has been transferred other than for security before proof of the claim has been filed, the proof of claim may be filed only by the transferee or an indenture trustee.") Rule 3001(e)(1) does not negate the necessity of filing a proper claim under Rule 3001(c) in order to establish the prima facie evidentiary effect of the validity and amount of the claim under Rule 3001(f).

eCast contends that its form of proof of claim and attachment has already been blessed by the Eight Circuit B.A.P. in *In re Dove–Nation*, 318 B.R. 147, 152 (8th Cir. BAP 2004). Indeed, in assessing the effect of apparently identical claims as those at issue in the instant matter, the Eight Circuit B.A.P. stated:

> Even if the proofs of claim are not entitled to prima facie validity, they are some evidence of the Claimant's claims. Here, the Debtor never presented any evidence to contradict the claims, much less any evidence that the claims fall within one of the exceptions set forth in Section 502(b); therefore, the claims' validity stands.

*Id.*

The quoted language disregards the effect of an evidentiary presumption such as that created by Rule 3001(f). *See* Fed. R.Evid. 301 ("In all civil actions and proceedings not otherwise provided for by Act of Congress or by these rules, a presumption imposes on the party against whom it is directed the burden of going forward with evidence to rebut or meet the presumption, but does not shift to such party the burden of proof in the sense of the risk of nonpersuasion, which remains throughout the trial upon the party on whom it was originally cast."); Fed. R. Evid 302 ("In civil actions and proceedings, the effect of a presumption respecting a fact which is an element of a claim or defense

as to which State law supplies the rule of decision is determined in accordance with State law.") The issue is not whether the proofs of claim constitute "some" evidence, but whether they constitute "prima facie evidence" which, if not rebutted, establishes debtor's liability for the claim.

 eCast contends that its "account summary" satisfies the requirement of a writing because the instructions on Official Form 10 (the proof of claim form) permit a summary if the documents are too lengthy. *See* Official Form 10. eCast, however, has not made any showing that the applicable credit card holder agreement is a voluminous document. Additionally, to the extent that eCast contends that the proviso contained in its "account summary" warning that the supporting documents may no longer be available suffices under Rule 3001(c), the Court finds the statement is not a sufficient description of the circumstances of the loss or destruction of the writing.

 Since eCast has not filed a proper claim based on a writing, it is not entitled to the evidentiary effect under Rule 3001(f) of having established a prima facie case of the validity and amount of its claims. Debtor, therefore, has no burden of bringing forward any evidence to rebut the improperly executed and filed claim. Consequently, eCast had the burden at the evidentiary hearing to prove by a preponderance of the evidence the validity and amounts of its claims.

 Under Texas law, an affidavit of the custodian of the creditor's records, whose duties include having custody and control of records related to the debtor's account which purports to: (1) authenticate the credit card agreement documents and monthly statements; and (2) state the account balance due and unpaid, may be sufficient to prove the formation or the

terms of the agreement. *Hay v. Citibank (South Dakota) N.A.*, 2006 WL 1735145, *2–*3 (Tex.App.-Hous. (14 Dist.) 2006). The elements of breach of contract may be proved by introduction of debtor's signatory reply to the bank's predecessor-in-interest's revolving credit offer; bank's subsequent issuance of new credit cards to debtor with proof of use; monthly statements billed to debtor and debtor's payment including a copy of a cancelled check showing a payment to the bank based upon the debtor's unique identifying revolving credit account number; admission of the debt in debtor's discovery responses; and subsequent absence of payment. *Block v. Providian Nat. Bank,* 2004 WL 1551485, *2 (Tex.App.-Dallas 2004), review denied. Where one bank has purchased the revolving account from another bank, the custodian of the purchaser bank's records is competent to testify about the predecessor bank's records in the purchaser's possession. *Id.; see also Benser v. Citibank (South Dakota), N.A.*, 2000 WL 1231386 *5–*6 (Tex.App.-El Paso 2000)(Introduction of the initial terms and conditions of using the credit card in addition to other evidence may satisfy the creditor's burden at trial to establish the existence of a contract under which the debtor is liable.).

▮▮▮▮ At the evidentiary hearing on the claim objections, eCast did not proffer a witness or an affidavit supporting the admissibility of any business records, but through debtor's testimony the Court admitted into evidence eCast's exhibit nos. 6 and 9, which are monthly account statements for debtor's credit lines with MBNA America and BankOne. The first two pages of exhibit number 6 reference MBNA America account number 5490 3531 7892 1192, showing a balance due as of March 16, 2005, of $34,706.31. The Court notes that none of eCast's proofs of claim involve an MBNA America account number ending 1192. The next five pages of exhibit number 6 reference MBNA America account number 3743 141702 54331, showing a balance due as of August 17, 2005, of $40,501.15. Debtor testified that she has no dispute that she owes MBNA America $39,797, as shown on her schedules.

Exhibit 9 references Bank One account number 4366 1630 2961 7368, showing a balance due as of August 26, 2005 of $27,945.49. The first page of exhibit 9 notes that Bank One and Chase have merged and shows that payments are made to Cardmember Service. The Court finds that the account statements introduced even coupled with debtor's schedules fail to establish debtor's liability for breach of a credit card agreement under Texas law and fail to establish any liability by debtor to eCast.

▮▮▮▮ Texas law provides that where the amount due is disputed, proof of flat fees, such as late fees and over credit limit fees, may be shown by the terms and conditions agreement and the monthly account statements, but proof of finance charges generally described in the terms and conditions must include an explanation showing specifically how these amounts were calculated to show the debtor owes the amounts claimed. *Hay v. Citibank (South Dakota) N.A.*, 2006 WL 1735145, *2–*3 (Tex.App.-Hous. (14 Dist.) 2006). Debtor's failure, however, to dispute any of the charges on the statements, and failure to send written notices to creditor disputing the charges or the account constitutes a tacit admission of the correctness of the accounts. *Benser v. Citibank (South Dakota), N.A.*, 2000 WL 1231386 *5–*6 (Tex. App.-El Paso 2000). Where defendant disputes the interest rate charged, and the credit card contract introduced into evidence does not specify the interest rate

that was agreed on, evidence of the rate of interest based on the rates specified on copies of the monthly statements is insufficient to prove the interest rate as a matter of law because even if the bills could be construed as notice of a change of the terms of the card agreement, the change could not apply retroactively. *Tully v. Citibank (South Dakota), N.A.,* 173 S.W.3d 212, 215–220 (Tex.App.-Texarkana 2005).

The Court finds that eCast has failed to establish the existence of a contract under which debtor is liable to eCast and failed to establish the amount due. The Court finds that eCast has failed to prove by a preponderance of the evidence that its claims are enforceable against debtor under the card holder agreements upon which its claims are based or under Texas law. Based on the foregoing, it is

**ORDERED** that the claims of eCast Settlement Corporation are **DISALLOWED.**