# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 25, 2010

Charles R. Fulbruge III
Clerk

No. 09-20299
Summary Calendar

In the Matter of LEONARDO REZNICK,

          Debtor.

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

BEN FLOYD,

          Appellee,

versus

BERTHA BLOCH,

          Appellant.

Appeal from the United States District Court
for the Southern District of Texas
No. 4:08-CV-2494

No. 09-20299

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

JERRY E. SMITH, Circuit Judge:[*]

Bertha Bloch appeals the rejection of a proof of claim filed in her son's involuntary bankruptcy case. Because she has failed to establish a legally enforceable obligation by the debtor, we affirm.

I.

On February 9, 2004, creditors placed Leonardo Reznick into involuntary chapter 7 bankruptcy. On August 20, 2004, the trustee, Ben Floyd, filed an adversary proceeding against Paul Ponte, one of Reznick's former business partners, alleging he owed Reznick $1,000,000 under a 1989 promissory note. The reference was withdrawn to the district court. Because the note was executed in Mexico, that court applied the applicable Mexican statute of limitations, which provides a ten-year period that is tolled and reset each time the debtor acknowledges the obligation. Under that provision, Ponte's obligation was still enforceable, because he had acknowledged the debt three times during the ten-year period. Ponte settled the claim for $400,000, providing the estate's only asset.

Bloch is Reznick's mother. In light of the recovery from Ponte, Bloch on April 10, 2007, filed a proof of claim against Reznick for $770,000, plus interest, on alleged loans dating back to 1990. Bloch attached a one-page affidavit from Reznick in support of the claim. The trustee objected to the claim and testified at an evidentiary hearing before the bankruptcy court that Bloch had not put forth any evidence of a legally enforceable debt. According to the trustee, the documents Bloch supplied in response to its production request were mainly

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

2

No. 09-20299

handwritten notes in Spanish, none of which supported her claim. The bankruptcy court agreed and disallowed Bloch's claim. The district court affirmed, finding "no evidence of a legally enforceable debt."

## II.

We review the district court's findings of fact for clear error and its legal conclusions *de novo. McGee v. O'Conner* (In re *O'Conner*), 153 F.3d 258, 260 (5th Cir. 1998). Bloch has not provided evidence that the alleged loans occurred in Mexico. She has also failed to establish any enforceable obligation on Reznick's part or even evidence of the transfer of more than $700,000 to her son. As Reznick's mother, Bloch is an insider within the meaning of 11 U.S.C. § 101(31)-(A)(i). We subject such claims to strict scrutiny. *Pepper v. Litton*, 308 U.S. 295, 306-07 (1939). Under such circumstances, Reznick's affidavit, standing alone, cannot create a pre-existing obligation.

Bloch argues that the district court acted inconsistently by applying Mexican law in the Ponte proceeding but Texas law as to her claim. This is unlike the situation in the Ponte dispute, in which the written promissory note, on its face, was executed in Mexico City. Bloch has put forth no evidence warranting the application of Mexican law to her claim. Even Reznick's affidavit failed to state where he incurred the alleged debt.

The "basic rule in bankruptcy is that state law governs the substance of claims. . . ." *Raleigh v. Ill. Dep't of Revenue*, 530 U.S. 15, 19 (1979) (internal quotations omitted). "When the parties have failed to conclusively establish foreign law, a court is entitled to look to its own forum's law in order to fill any gaps." *Banco de Credito Indus., S.A. v. Tesoreria Gen.,* 990 F.2d 827, 836 (5th Cir. 1993). Because Bloch failed to establish that Mexican law controlled, the district court properly applied Texas law. Absent a written, signed copy of the alleged agreement dating back to 1990, Bloch's claim is barred by the Texas Statute of

No. 09-20299

Frauds. TEX. BUS. & COM. CODE § 26.01. Bloch did not put forth evidence of a legally enforceable debt, so her claim was properly disallowed.

AFFIRMED.