

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-12-00080-CV

Bret Wayne **HOOPER**,
Appellant

v.

**GENERATIONS COMMUNITY FEDERAL CREDIT UNION**,
Appellee

From the County Court at Law No. 7, Bexar County, Texas
Trial Court No. 352061
Honorable David J. Rodriguez, Judge Presiding

Opinion by:    Karen Angelini, Justice

Sitting:    Karen Angelini, Justice
     Patricia O. Alvarez, Justice
     Luz Elena D. Chapa, Justice

Delivered and Filed:  June 12, 2013

REVERSED AND RENDERED

Bret Wayne Hooper appeals from a $20,600.36 judgment against him in a suit to recover the balance due on a credit card account. Because the evidence was legally insufficient to support the judgment, we reverse and render a take-nothing judgment.

### BACKGROUND

Hooper was sued by Generations Community Federal Credit Union, formerly known as the San Antonio City Employees Federal Credit Union. The Credit Union alleged Hooper had defaulted on a credit card agreement and, as a result, owed the Credit Union $20,600.36 plus

interest. Hooper answered the suit, pleading various defenses and a counterclaim under the Texas Debt Collection Act. Following a bench trial, the trial court rendered judgment against Hooper and in favor of the Credit Union in the amount of $20,600.36. The trial court also rendered judgment that Hooper take nothing on his counter-claim. Hooper appealed.

## DISCUSSION

In Texas, collection of the amount due under a credit card agreement is treated as a claim for a breach of contract. *In re Tran*, 351 B.R. 440, 445 (Bankr. S.D. Tex. 2006), *aff'd*, 369 B.R. 312 (S.D. Tex. 2007); *see Tully v. Citibank (South Dakota), N.A.*, 173 S.W.3d 212, 215-20 (Tex. App.—Texarkana 2005, no pet.). To recover for breach of contract, a plaintiff must show (1) the existence of a valid contract, (2) the plaintiff performed or tendered performance, (3) the defendant breached the terms of the contract, and (4) the plaintiff suffered damages as a result of the defendant's breach. *Transworld Leasing Corp. v. Wells Fargo Auto Fin., LLC*, No. 04-12-00036-CV, 2012 WL 4578591, at *3 (Tex. App.—San Antonio 2012, pet. denied); *McLaughlin, Inc. v. Northstar Drilling Tech., Inc.*, 138 S.W.3d 24, 27 (Tex. App.—San Antonio 2004, no pet.). Thus, in this case, the Credit Union had the burden to prove each element of a breach of contract claim at trial. *See Preston State Bank v. Jordan*, 692 S.W.2d 740, 744 (Tex. App.—Fort Worth 1985, no writ) (affirming a take-nothing judgment in a suit to recover a credit card debt when the bank failed to present evidence of the contract between the bank and the credit card holder).

Parties form a binding contract when the following elements are present: (1) an offer; (2) an acceptance in strict compliance with the terms of the offer; (3) a meeting of the minds; (4) each party's consent to the terms; and (5) the execution and delivery of the contract with the intent that it be mutual and binding. *Williams v. Unifund CCR Partners Assignee of Citibank*, 264 S.W.3d 231, 236 (Tex. App.—Houston [1st Dist.] 2008, no pet.). To be enforceable, a

contract must be sufficiently certain to enable a court to determine the rights and responsibilities of the parties. *T.O. Stanley Boot Co., Inc. v. Bank of El Paso*, 847 S.W.2d 218, 221 (Tex. 1992). The material terms of a contract must be agreed upon before a court can enforce the contract. *Id*. A breach of contract occurs when a party to the contract fails or refuses to do something he has promised to do. *West v. Triple B Services, LLP*, 264 S.W.3d 440, 446 (Tex. App.—Houston [14th Dist.] 2008, no pet.).

In his second issue, Hooper argues the evidence was legally and factually insufficient to support each of the elements of the Credit Union's breach of contract claim. In response, the Credit Union argues there was sufficient evidence of a credit card agreement. Notably, the Credit Union focuses on the first element of its breach of contract claim—the existence of a valid contract. The Credit Union does not explain how the evidence was sufficient to prove each of the remaining elements of its breach of contract claim.

We review challenges to the legal sufficiency of the evidence in a bench trial under the same standard used in reviewing the sufficiency of the evidence in a jury trial. *Rosas v. Comm'n for Lawyers Discipline*, 335 S.W.3d 311, 316 (Tex. App.—San Antonio 2010, no pet.). When reviewing a legal sufficiency or "no evidence" challenge, we determine "whether the evidence at trial would enable reasonable and fair-minded people to reach the verdict under review." *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005); *Rosas*, 335 S.W.3d at 316. If the appellant is challenging the legal sufficiency of the evidence to support a finding on which he did not have the burden of proof at trial, the appellant must demonstrate on appeal that no evidence exists to support the adverse finding. *Rosas*, 335 S.W.3d at 316. We sustain a legal sufficiency or "no evidence" challenge when: (1) the record discloses a complete absence of evidence of a vital fact; (2) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is no more

than a mere scintilla; or (4) the evidence establishes conclusively the opposite of the vital fact. *Id*. Evidence does not exceed a scintilla if it is so weak as to do no more than create a mere surmise or suspicion that the fact exists. *Akin, Gump, Strauss, Hauer & Feld, L.L.P. v. Nat'l Dev. and Research Corp.*, 299 S.W.3d 106, 115 (Tex. 2009).

At trial, the evidence was as follows. The Credit Union presented two documents that are relevant to our discussion. The first document, titled "Credit Line Account and Personal Loan Application," indicates that Hooper applied for a credit card, specifically a "Mastercard Platinum [************]7844 9.0%." This document appears to have been signed by Hooper as an "applicant" on March 22, 2007. This document states: "You agree and understand that if approved, [y]ou are contractually liable according to the applicable terms of the Credit Line Account Agreement and Disclosure. *You will receive a copy of that Agreement no later than the time of [y]our first credit advance and you promise to pay all amounts charged to [y]our [a]ccount according to its terms.*" (emphasis added). Significantly, the "Agreement" referenced in the document was never offered into evidence.

The second relevant document, titled "Addendum to Platinum Mastercard Agreement," appears to have been signed by Hooper as the "Borrower/Cardholder" on March 21, 2007. This document states that Hooper was approved for an "Introductory Annual Percentage Rate of 3.90%" on balances transferred from other financial institutions or credit card issuers.

The Credit Union also presented the testimony of two witnesses. First, the Credit Union called Hooper to testify. In his testimony, Hooper acknowledged that his signature appeared on both of the above-referenced documents. Hooper also confirmed that he had received a credit card from the San Antonio City Employees Federal Credit Union and that he made use of that credit card. Furthermore, Hooper stated that he had received statements from "Card Services"

but he did not recall if they were for a San Antonio City Employees Federal Credit Union account. Hooper also stated he had made payments to "Card Services."

Second, the Credit Union called one of its employees, Lorie Garcia, to testify. Garcia testified that customers were given a copy of the Credit Line Account Agreement and Disclosure when they applied for credit. Garcia further stated that the Credit Line Account Agreement and Disclosure stated that credit cards were subject to a variable interest rate. Garcia stated that the current interest rate on Hooper's account was 18% because of the account's delinquent status. According to Garcia, the prior interest rate on Hooper's account was 9%. Finally, Garcia testified that the principal balance on Hooper's account was $20,600.36 and that the interest balance on Hooper's account was $4,080.30. No further evidence was presented.

Although there was some evidence that Hooper obtained a credit card from the Credit Union and that he used the credit card, there was no evidence establishing Hooper's specific obligations under the terms of an agreement. For example, there was no evidence regarding Hooper's obligation to repay the balance and interest on the account, including when his payments were due, where his payments were to be made, and what would transpire if he failed to make a payment in accordance with the terms of an agreement. Nor was there evidence indicating Hooper failed to comply with a particular term of an agreement, or otherwise failed to perform his obligations under an agreement. We conclude the record discloses the complete absence of evidence of the third element of the Credit Union's breach of contract claim, *i.e.*, that Hooper breached the terms of an agreement with the Credit Union. In the absence of evidence that Hooper failed or refused to do something he promised to do under an agreement, the Credit Union failed to prove its breach of contract claim. *See Pioneer Land & Cattle Co. v. Collier*, No. 07-12-00320-CV, 2013 WL 2150814, at *6 (Tex. App.—Amarillo 2013, no pet. h.) (concluding the trial court did not err in granting a no-evidence summary judgment on the plaintiff's breach

of contract claim when there was no evidence of the first, third, or fourth elements of the claim). We, therefore, hold the evidence was legally insufficient to support the trial court's judgment. Hooper's second issue is sustained.

## CONCLUSION

Because Hooper's second issue is dispositive of this appeal, we need not address his first issue. *See* TEX. R. APP. P. 47.1 (directing appellate courts to issue opinions that are as brief as practicable but also address every issue raised and necessary to the final disposition of the appeal). We reverse the judgment of the trial court, and render judgment that Generations Community Federal Credit Union take nothing by its suit.

Karen Angelini, Justice